## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF KENTUCKY
### SOUTHERN  DIVISION
### at LONDON

**Civil Action No. 09-152-HRW**

**LINDA SUE JORDAN,**                                                             **PLAINTIFF,**

v.                   **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE**
**COMMISSIONER OF SOCIAL SECURITY,**                  **DEFENDANT.**


Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge

a final decision of the Defendant denying Plaintiff's application for disability

insurance benefits and supplemental security income benefits.  The Court having

reviewed the record in this case and the dispositive motions filed by the parties,

and being otherwise sufficiently advised, for the reasons set forth herein, finds that

the decision of the Administrative Law Judge is supported by substantial evidence

and should be affirmed.

### II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed applications for disability insurance benefits and supplemental

security income benefits on August 22, 2006, alleging disability beginning on

June 15, 2006, due to degenerative disc disease, arthritis, heart problems, stroke

and Graves disease (Tr. 117).

These applications were denied initially and on reconsideration. On January 17, 2008, an administrative hearing was conducted by Administrative Law Judge James Alderisio (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, William Ellis, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On May 21, 2008, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 10-20).

Plaintiff was 32 years old at the time of the hearing decision (Tr. 81). She has a 12th grade education (Tr. 118-119). Her past relevant work experience consists of work as an assembler and cashier (Tr. 102-111).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 12-13).

The ALJ then determined, at Step 2, that Plaintiff suffered from affective disorder, headaches, hypothyroidism, mitral valve prolapse, hypertension, a history of Grave's disease, obesity, status post transient ischemic attack in August of 2006 with no residuals noted in September of 2006, anxiety, reported knee pain in November of 2007 and disorder of the back, which he found to be "severe" within the meaning of the Regulations (Tr. 13-14).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 13-14).

The ALJ further found that Plaintiff has the residual functional capacity ("RFC") to perform a range of light work with certain limitations as set forth in the opinion (Tr. 14-18). The ALJ concluded that Plaintiff is able to perform her past

3

relevant work (Tr. 18).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 18-19). Accordingly, the ALJ found Plaintiff not to be disabled at Steps 4 and 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on March 13, 2009 (Tr. 1-5).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

### III. ANALYSIS

#### A.   Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by

substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997).

**B.      Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not give controlling weight to the opinion of Shawn Hudson, D.O., a treating physician and (2) the ALJ failed to consider the effect of Plaintiff's obesity on the RFC.

**C.      Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ did not give controlling weight to the opinion of Shawn Hudson, D.O., a treating physician.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's  impairments must be well

supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2).   Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

In this case, Dr. Hudson completed an assessment pertaining to Plaintiff's ability to perform work-related activities on June 20, 2007 (Tr. 604-605).  He suggested extreme limitation in Plaintiff's abilities.

In considering, and ultimately rejecting, Dr. Hudson's opinion of disabling limitation, the ALJ noted that his opinion, as expressed in the June 20, 2007 assessment, was not supported by the other records of Plaintiff's treatment. Indeed, Dr. Hudson's suggestion of extreme exertional limitation appears to be out of proportion with the other medical evidence of record.   For example, a review of the treatment notes of record reveal Plaintiff retains a normal gait with no deficits in her lower extremities.  Nor is there evidence of any neurological deficits which could be indicative of debilitating musculoskeletal impairment.

Further, no other medical source of record has suggested such extreme limitation (Tr. 435, 479).

Moreover, in the record are statements from Plaintiff where she admits that treatment for pain has been successful in alleviating her symptoms (Tr. 443, 509-

510, 512, 516, 519, 521, 641, 644, 646, 649, 651 and 654).   She also reported an improved ability in daily activity, such as walking and sleeping (Tr. 641, 644, 649, 651 and 654).   She also stated in the record that she prepares food for her family, washes dishes and shops (Tr. 128-132).   Therefore, Plaintiff's own admissions undermine her allegation of disabling impairment.

Having reviewed the record, the undersigned finds that Dr. Hudson's opinion is not well-supported by his own records or the record as a whole.   As such, the ALJ did not err in discounting his opinion.

Plaintiff's second claim of error is that the ALJ failed to consider the effect of Plaintiff's obesity on the RFC.

The Court disagrees.   In the hearing decision, the ALJ makes numerous references to Plaintiff's obesity, for example, he found obesity to be a severe impairment (Tr. 13) and considered it in deciding whether her impairments met or equaled a listed impairment (Tr. 13-14).   The ALJ also discussed obesity in formulating the RFC (TR. 13-18).

Plaintiff has not stated with specificity in what the ALJ failed to consider this impairment.   Notably, Plaintiff has failed to demonstrate how obesity interferes with her ability to work beyond the limitations set firth in the RFC.

Therefore, the Court finds that this assignment of error has no merit.

7

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence

on the record.   Accordingly, it is **HEREBY ORDERED** that the Plaintiff's

Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion

for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant

will be entered contemporaneously herewith.

This ___11___ day of January, 2010.


_____
Henry R. Wilhoit, Jr., Senior Judge

8